WALLACE, JUDGE:
Claimant is the owner of a residence on Lake Drive in the City of Welch, McDowell County, West Virginia. Situate above and behind claimant’s dwelling is Riverside Drive, also known as U.S. 52 business route. Above Riverside Drive is another road, known as U.S. Route 52 by-pass.
On the evening of October 7, 1977, a boulder rolled down from the area behind claimant’s house, crashed through the back of the house, and rolled all the way through it, causing extensive damage. The boulder, which weighed several hundred pounds, barely missed striking Mrs. Richardson, who had taken just seven steps through the door of the breakfast room before the rock came crashing through the living room where she had been sitting. The boulder was so large that it had to be broken into pieces before it could be removed from the house. Claimant seeks reimbursement for structural damage, furniture repair and replacement, carpeting, painting, plaster and tile replacement, and items of personal property damaged by the boulder.
This Court has decided several “falling rock” cases involving the Department of Highways, some adverse to the claimants and some in favor of the claimants where the Court found proof of sufficient negligence to constitute the proximate cause of an injury. The rule in such cases was enunciated by the Court in Hammond v. Department of Highways, 11 Ct.Cl. 234 (1977): “The unexplained *299 falling of a rock or boulder... without a positive showing that the Department of Highways knew or should have known of a dangerous condition and should have anticipated injury to person or property, is insufficient.. i to justify an award.” 11 Ct.Cl. at 236. The State must have had actual or constructive notice of the danger posed by a certain hazard before the respondent can be found negligent.
Testifying on behalf of the respondent was Charles Lane, Assistant Supervisor of McDowell County. Mr. Lane stated that, prior to October 1, 1977, no work was done by the Department of Highways on Route 52 and Route 52 by-pass. He added that they had no problems with rocks falling on Route 52, but, on the by-pass, “we get rocks... that we have to pick up quite often.”
Another witness for the respondent, Jesse H. Gravely, a District Construction Engineer, testified from various photographs that there was some danger from rock falling out of the area behind and above claimant’s house and that some cracked rock existed there. Mr. Gravely also said that the type of traffic which uses the by-pass was generally “the heavier traffic that does not want to go through the City of Welch, larger trucks, etc.”
Nothing in the evidence, however, indicated that any complaints were ever registered with the respondent regarding falling rocks in the area. But the record does disclose that employees of the respondent were aware of the problem, for in response to a question as to how often a check for falling rock was made there, the McDowell County Assistant Supervisor stated, “We usually have men that goes across the by-pass every day. I mean, if there is any rock in the road, they pick it up.”
This Court, in finding the Department of Highways liable in the case of Varner’s Adm’n. v. State Road Commission, 8 Ct.Cl. 119 (1970), held that there was evidence of a dangerous condition and “no showing that the respondent did anything beyond the routine cleaning of ditches and the removal of rocks which previously had fallen on the highway.”
As the evidence in the instant case tends to show that the respondent had constructive notice of the hazardous condition existing behind claimant’s residence, respondent’s failure to take remedial action constituted negligence which proximately caused the damage suffered by the claimant. Equity and good conscience dictate that claimant be compensated for her extensive losses.
*300 Therefore, based upon written estimates and repair bills filed with the claim, the Court hereby makes an award to the claimant in the amount of $4,581.05.
Award of $4,581.05.